# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

| | |
|---|---|
| **WILLIAM BRADLEY ROBINSON,** | |
| Plaintiff, | |
| v. | NO. 5:20-cv-00290-MAS |
| **KILOLO KIJAKAZI,** **Acting Commissioner of Social Security,** | |
| Defendant. | |

## OPINION & ORDER

Plaintiff William Bradley Robinson ("Robinson") appeals the Commissioner's denial of his application for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act. The Court addresses the parties' competing summary judgment motions. [DEs 17, 19]. For the reasons here discussed, the Court finds that the Administrative Law Judge ("ALJ") applied the proper standards and that the ALJ's decision is supported by substantial evidence. The Court thus affirms the Commissioner's decision to deny SSI benefits.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Robinson filed an SSI application on August 26, 2016, alleging disability beginning November 1, 2014. [R. at 15]. Robinson was 49 years old at the time of application filing. [R. at 23]. Robinson earned his General Educational Development ("GED") test certification and previously worked sporadically in farming and other general labor positions. [R. at 35]. The Social Security Administration ("SSA") denied Robinson's SSA claim initially on February 9,

1

2017, and upon reconsideration on May 16, 2017. [R. at 15]. Robinson filed a written request for a hearing on July 14, 2017. [*Id.*].

ALJ Robert B. Bowling ("ALJ Bowling") conducted a hearing on February 28, 2019, in Lexington, Kentucky. [R. at 30]. Patsy Hughes, a non-attorney representative, represented Robinson at the hearing, and an impartial Vocational Expert (here "VE Ryman") appeared and testified. [R. at 32]. On April 25, 2019, ALJ Bowling issued an opinion finding that Robinson was not disabled under the Social Security Act during the relevant period. [R. at 15-25]. ALJ Bowling found that Robinson had not engaged in substantial gainful activity since the application date and suffered from two severe physical impairments: chronic obstructive pulmonary disease ("COPD") and degenerative disc disease of the lumbar spine. [R. at 17]. However, he found that neither met or medically equaled a Subpart P, Appendix I listing. [R. at 19]. *See* 20 C.F.R. §§ 416.920(d), 416.925, 416.926.

ALJ Bowling ultimately found that Robinson had the residual functional capacity ("RFC") to perform light work, with certain outlined adjustments. [R. at 19-23]. *See* 20 C.F.R. § 416.967(b). Though the ALJ found that Robinson could not perform past relevant work, he did find, based on Robinson's age, education, work experience, and RFC that Robinson could perform light unskilled jobs that existed in significant numbers in the national economy. [R. at 23-24]. *See* 20 C.F.R. §§ 416.969, 416.969(a). These representative jobs, as described in the Dictionary of Occupational Titles ("DOT"), included: cashier, bench assembler, and package sorter. [R. at 24]. ALJ Bowling found the VE's testimony consistent with the DOT. [*Id.*]. Accordingly, based on his review of the record, ALJ Bowling concluded that Robinson had not been disabled since the application date. [R. at 24-25]. *See* 20 C.F.R. § 416.920(g).

The Appeals Council ultimately denied review in April 2020. [R. at 1]. Robinson subsequently initiated this action to challenge ALJ Bowling's decision, which became the final agency decision upon Appeals Council denial. [DE 1 (Complaint)]. Both Robinson and the Commissioner have sought summary judgment. [DE 21 and 23, respectively]. Both motions are ripe for review. For the reasons discussed below, the Court grants the Commissioner's motion and denies Robinson's motion.

## II.    LEGAL FRAMEWORK[1]

Judicial review of the ALJ's decision is deferential and strictly limited. The Court's sole task is to determine whether the ALJ applied the correct legal standards and whether the ALJ's factual findings are supported by substantial evidence in the record. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009); *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]"). Substantial evidence is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "The substantial-evidence standard allows considerable latitude to administrative decision makers" and "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts."

---

[1] The Court notes that the legal standard for SSI claims—applicable here—mirrors the standard for disability insurance benefits (DIB) claims. *See Bailey v. Sec'y of Health & Human Servs.*, 922 F.2d 841, No. 90-3265, 1991 WL 310, at *3 (6th Cir. 1991) (table). "The standard for disability under both the DIB and SSI programs is virtually identical." *Roby v. Comm'r of Soc. Sec.*, No. 12-10615, 2013 WL 451329, at *3 (E.D. Mich. Jan. 14, 2013), *report and recommendation adopted*, 2013 WL 450934 (E.D. Mich. Feb. 6, 2013); *see also Elliott v. Astrue*, No. 6:09-CV-069-KKC, 2010 WL 456783, at *4 (E.D. Ky. Feb. 3, 2010). The Court thus references both SSI and DIB case law interchangeably throughout, mindful of the distinct Title XVI SSI-specific regulations.

3

*Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

The Court must make its substantial evidence determination based on the record as a whole. *Cutlip*, 25 F.3d at 286. However, the Court need not comb the entire record in search for facts supporting under-developed arguments. [*See* DE 16 (General Order No. 13-7) (citing *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006)) ("The parties shall provide the Court with specific page citations to the administrative record to support their arguments. The Court will not undertake an open-ended review of the entirety of the administrative record to find support for the parties' arguments.")]. Further, the Court may not "try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). The Court must affirm the ALJ's decision if there is substantial evidence in the record to support it, even if substantial evidence might also support the opposite conclusion. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 393 (6th Cir. 2004); *Mullen*, 800 F.2d at 545. Likewise, the Court must affirm any ALJ decision supported by substantial evidence, even if the Court itself might have reached a different original result. *See Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

For context, the Court briefly outlines the ALJ's five-step sequential analysis. *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 416.920(a)(4). In the first step, the ALJ decides whether the claimant is performing substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i). In the second step, the ALJ determines whether the claimant suffers from any severe impairments. *Id.* at § 416.920(a)(4)(ii). In the third step, the ALJ decides whether such impairments, either individually or collectively, meet an entry in the Listing of Impairments.

*Id.* at § 416.920(a)(4)(iii). In the fourth step, the ALJ determines the claimant's RFC and assesses whether the claimant can perform past relevant work. *Id.* at § 416.920(a)(4)(iv). Finally, in the fifth step, the burden shifts to the Commissioner. The ALJ must consider and decide whether there are jobs that exist in significant numbers in the national economy that the claimant could perform based on RFC, age, education, and work experience. *Id.* at § 416.920(a)(4)(v). If the ALJ determines at any step that the claimant is not disabled, the analysis ends there. *Id.* at § 416.920(a)(4). ALJ Bowling proceeded through all five sequential steps in this case.

### III.   ANALYSIS

As is typical for SSI cases, the overarching issue is whether ALJ Bowling's disability determination is supported by substantial evidence in the record. Specifically, Robinson argues that the ALJ unreasonably weighed (undervalued) the opinion of psychologist Cristi M. Hundley, Ph. D., who conducted a consultative examination of Robinson on January 4, 2017. Dr. Hundley's opinion suggested more stringent work-related mental limitations than other contemporaneous mental evidence/opinions. Robinson faults the ALJ initially for characterizing his mental limitations as non-severe in Step 2 of the analysis (based on the perceived undervaluing of the Dr. Hundley proof) and, as a corollary, argues that the ALJ's Step 4 and 5 RFC and VE determinations improperly failed to reflect the appropriate mental limits and are unsupported by substantial evidence.[2] The Commissioner contends that the ALJ's decision not to include mental limitations in the RFC is supported by substantial evidence in the record and, thus, the VE testimony and non-

---

[2] Robinson does not challenge the weight given to any other opinions, nor does he challenge the physical impairment and limitation evidence in this appeal. The Court thus cabins its review to the mental impairment and limitation evidence and, in particular, the impact of Dr. Hundley's opinion on the balance of such evidence.

5

disability findings are likewise substantially supported. The Court agrees with the Commissioner's position and thus affirms the ALJ's decision.[3]

Before turning to the proof, the Court briefly addresses the parties' cavil over the Step 2 *de minimis* bar vs. the overarching substantial evidence standard. At bottom, the substance of the parties' positions rests on the same basic legal framework. Plaintiff correctly notes that the threshold Step 2 inquiry demands only a *de minimis* showing that an impairment or combination of impairments is severe. 20 C.F.R. § 416.920(a)(4)(ii). The ALJ ultimately found certain physical impairments to be severe and, accordingly, progressed to Steps 3-5. No party challenges the ALJ's decision to progress to Steps 3-5. Plaintiff does take issue, however, with the ALJ's qualitive assessment at the Step 2 stage that Robinson's mental impairments were not severe. But, critically, Robinson's core argument is that ALJ Bowling's view of the mental impairment evidence, as evidenced by his Step 2 narrative and findings, improperly failed to account for the mental limitations, leading to an RFC and non-disability finding unsupported by substantial evidence. In other words, Robinson ultimately urges remand based upon an overall lack of substantial evidence, not based upon any particular challenge to the Step 2 finding itself. Consistent with the governing regulations and the parties' arguments, the Court applies the overarching substantial evidence standard, as required, within the sequential-step framework.

---

[3] The Commissioner briefly alternatively argues that, *even if* the ALJ's RFC finding (lacking mental limitations) is unsupported by substantial evidence, it was harmless error because at least two of the VE's representative jobs (unskilled work) nonetheless would pertain even with the asserted mental limitations. It is not entirely clear which degree of limitation the Commissioner argues the VE findings could accommodate—mild limitations, as characterized by the ALJ at Step 2, moderate/marked limitation as argued by Robinson, or some other impairment level. Regardless, the Court need not reach the Commissioner's alternative harmless-error argument, as it finds the Commissioner's RFC finding and non-disability determination to be supported by substantial evidence. In that circumstance, affirmance is required.

A.      **THE ALJ DID NOT UNREASONABLY WEIGH DR. HUNDLEY'S OPINION.**

ALJ Bowling found that Dr. Hundley's opinion was inconsistent with Dr. Hundley's own examination findings, based primarily on Robinson's subjective complaints, and in conflict with the remaining psychological evidence of record. The Court concludes that this interpretation and weighing of the Hundley proof is reasonable and supported by substantial evidence in the full record. However, in assessing whether substantial evidence ultimately supports the ALJ's findings, the Court does not consider ALJ Bowling's improper reliance on Robinson's failure to pursue mental health treatment. [*See* R. at 18; *id.* at 21 (discounting Dr. Hundley's opinion in part because it was "inconsistent with the limited treatment the claimant underwent during the relevant period for his mental health impairments"). As Plaintiff argues, such an observation offers negligible support for discounting mental limitation evidence. *See Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989) ("Appellant may have failed to seek psychiatric treatment for his mental condition, but it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation."). Nonetheless, based on the remainder of the ALJ's rationale here and the evidence cited in support of it, the Court finds that substantial evidence supports ALJ Bowling's overall weighing and interpretation of the Hundley opinion.

First, ALJ Bowling found Dr. Hundley's opinion to be unsupported by her own examination results. [R. at 18]. He noted that, per Dr. Hundley's records, Robinson exhibited normal memory functioning, was able to perform mathematical calculations, exhibited normal abstract reasoning skills, and did not exhibit significant anxiety or any panic attacks. [*Id.*]. ALJ Bowling found these exam results inconsistent with Dr. Hundley's ultimate opinion that Robinson had mild memory and concentration limitations and moderate to marked limitations in social and workplace interactions. [*Id.*; *see* R. at 391]. The Court agrees; the objective examination findings

7

recorded in Exhibit 6F [R. at 389-92] do not support Dr. Hundley's opinion as to Robinson's mental limitations.

Further, the Court agrees with the ALJ's second basis for discounting Dr. Hundley's opinion, as Dr. Hundley's opinion that Robinson is limited in his mental functioning appears to be based substantially on his subjective complaints, which are inconsistent with the objective examination findings in Exhibit 6F. Indeed, Dr. Hundley opined that Robinson's ability to interact socially was "fair" based on her own observations of him, but "moderately limited *given his description*." [R. at 391 (emphasis added)]. Similarly, she found that Robinson had workplace stress-related limitations "given his description" of his symptoms. [*Id.*]. These opinions cannot reasonably be accepted as consistent with Dr. Hundley's own objective findings, and the ALJ reasonably elected to afford the opinions little weight. *See generally* 20 C.F.R. § 416.929(c) (evaluating limiting effects of subjective symptoms in terms of its consistency with the objective evidence of record). And finally, ALJ Bowling reasonably concluded that Dr. Hundley's urged limitations are not entirely consistent with the other normal mental examination findings from other providers in the record or with Robinson's own description of his activities. [R. at 22; *see, e.g.*, R. at 258 (normal psychiatric findings without anxiety or nervousness); R. at 399 (psychiatric findings negative for anxiety, depression, sleep disturbance, or suicidal thoughts); R. at 401, 404 (same); R. at 21 (citing Exhibit 4E and noting Robinson's reports of normal daily activities, including social interactions)].

For these reasons, ALJ Bowling did not err in finding Dr. Hundley's opinion unsupported by the accompanying objective findings, and he did not err in concluding that the remainder of the medical evidence in the record did not otherwise explain or bolster Dr. Hundley's mental limitation findings. Though certain psychological/psychiatric findings in the record are somewhat consistent

8

with Dr. Hundley's opinion,[4] there is likewise substantial evidence to support ALJ Bowling's interpretation of the evidence (Hundley proof included). Ultimately, ALJ Bowling offered adequately "specific and legitimate reasons that are supported by substantial evidence in the record" for his decision to weigh the Hundley opinion as he did. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). Accordingly, the Court defers to ALJ Bowling's reasonable, supported interpretation of the evidence, even if it might have weighed the proof differently in the first instance.

**B.     THE RFC DETERMINATION AND NON-DISABILITY FINDING ARE SUPPORTED BY SUBSTANTIAL EVIDENCE.**

Robinson argues that the ALJ's characterization of Robinson's mental limitations as non-severe at Step 2 permeated the remainder of his decision and culminated in Step 4 and 5 errors—*i.e.*, that ALJ Bowling's improper treatment of the Hundley and other mental limitation proof resulted in an RFC and ultimate non-disability finding (based on RFC-premised VE hypotheticals) unsupported by substantial evidence. Indeed, even where the ALJ has gone on to later steps, courts have remanded for Step 2 errors where the impact on the later steps either was unclear or was apparently prejudicial. *See, e.g.*, *Carlos v. Colvin*, No. CV 14-2444-SP, 2015 WL 4127674, at *10 (C.D. Cal. July 8, 2015) (discussing Circuit authority and remanding for Step 2 error with unclear impact).

In contrast, here, it is apparent that ALJ Bowling considered the mental limitation evidence in formulating his RFC, as he expressly referenced the evidence during the RFC discussion, including Dr. Hundley's opinion. [R. at 21-22]. And, as already found above, ALJ Bowling adequately explained and supported his interpretation of the mental limitation evidence in the

---

[4] [*See, e.g.*, R. at 286 (noting anxiety and insomnia, but no depression or suicidal thoughts)].

9

record—including the relative weight he accorded Dr. Hundley's opinion—in formulating the RFC.[5] The Court thus finds that substantial evidence supports ALJ Bowling's decision not to include work-related mental functioning limitations in his ultimate RFC and rejects Robinson's argument (premised on Dr. Hundley's opinion) to the contrary. And, relatedly, substantial evidence supports the hypotheticals as framed to the VE and the ALJ's resulting conclusions based upon the VE testimony.[6]

Accordingly, the Court need not consider whether the ALJ should have found that Robinson satisfied the *de minimis* Step 2 severity showing for mental impairments, as the record sufficiently confirms that any such error, even if present, did not render the later step determinations unsupported by substantial evidence. ALJ Bowling ultimately applied the appropriate standards and, viewing his decision as a whole, supported his interpretation and conclusions with record evidence and a reasonably logical analytical bridge. For these reasons, the Court can conclude from the record that substantial evidence supports ALJ Bowling's RFC determination and VE-based non-disability finding. Affirmance is thus required. *See Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir.2003) (mandating affirmance "if the

---

[5] As noted, substantial evidence supports normal mental findings and the absence of work-related mental restrictions, consistent with ALJ Bowling's conclusions. The existence of other evidence in the record to support the opposite conclusion is immaterial. Moreover, Robinson does not argue that ALJ Bowling should have accorded *less weight* to any particular mental functioning opinion; the Court thus does not independently assess the reasonableness of the weight assigned to each mental health opinion underlying ALJ Bowling's RFC determination. Robinson simply argues that Dr. Hundley's opinion should have received greater weight and thus driven an RFC that included mental limitations, and the Court rejects that contention as discussed. In short, the Hundley proof alone does not warrant mental RFC restrictions otherwise unrequired by substantial evidence in the record.

[6] Robinson does not challenge the VE testimony or the ALJ's reliance on it, aside from arguing that the hypotheticals should have included work-related mental restrictions.

administrative law judge's findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision.").

## IV.   ANALYSIS

For all of the reasons discussed, **IT IS ORDERED** that the Commissioner's motion for summary judgment [DE 23] is **GRANTED** and Robinson's competing motion [DE 21] is **DENIED**. A corresponding Judgment shall follow.

This the 27th day of January, 2022.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge